IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, *ex rel.* | : | |
| David M. Ellison | : | Case No. 1:04-cv-220 |
| | : | |
| Relator, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING IN PART |
| | : | MOTION FOR ATTORNEYS' FEES |
| Visiting Physicians Association, P.C., *et al.* | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Motion for Award of Attorneys' Fees and Expenses Pursuant to 31 U.S.C. § 3730(d) ("Motion for Attorneys' Fees") (doc. 50) filed by Helmer, Martins, Rice & Popham, Co., LPA ("HMRP").  HMRP represented Relator David M. Ellison in this *qui tam* case from its inception in February 2004 through March 2005 only.  The case was settled pursuant to a Joint Stipulation of Dismissal (doc. 48) entered in November 2009.  Defendant agreed in the Joint Stipulation of Dismissal that Ellison was a prevailing party for purposes of Count 1 of the Complaint alleging a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1) and (a)(2).  HMRP now moves for an award of attorneys' fees and expenses.  Defendant challenges both HMRP's entitlement to attorneys' fees and the amount sought.  For the reasons that follow, the Court will **GRANT IN PART** HMRP's Motion for Attorneys' Fees and **AWARD** attorneys' fees and expenses in the amount of **$41,984.25**.

I.      HMRP'S STANDING TO MOVE FOR AN ATTORNEYS' FEE AWARD

The False Claims Act contains a fee-shifting provision which provides for the payment of attorneys' fees to a prevailing *qui tam* plaintiff.  31 U.S.C. § 3730(d).  Defendant initially objects

1

to the award of attorneys' fees to HMRP on the grounds that the right to collect attorney fees belongs to the *qui tam* plaintiff, not to his attorneys. *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 614 (6th Cir. 2007). Ellison initially did not seek fees on HMRP's behalf. However, on March 9, 2010, Ellison filed a Consent to Fee Petition (doc. 62) consenting to a petition for reasonable attorneys' fees by HMRP. The Court finds that HMRP has standing to seek attorneys' fees.

## II.     AMOUNT OF THE ATTORNEYS' FEE AWARD

In calculating a statutory award of attorneys' fees, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-65 (1986). The result of this calculation— called the lodestar calculation—"produces an award that *roughly* approximates the fee that the prevailing party would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010) (emphasis in the original). The lodestar calculation strongly is presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). A reasonable fee is one which is adequate to attract competent counsel, but does not produce a windfall to attorneys. *See Gonter*, 510 F.3d at 616-17 (citation omitted).

HMRP seeks an award of attorneys' fees and expenses in the amount of $40,820.01 for services performed in 2004 and 2005 on behalf of Ellison. HMRP seeks expenses in the amount of $976.06 and fees in the amount of $39,843.95 as follows:

| ATTORNEY/STAFF | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| James B. Helmer, Jr. | $498.00 | 3.15 | $ 1,568.70 |
| Julie W. Popham | $425.00 | .15 | $ 63.75 |
| Frederick M. Morgan, Jr. | $500.00 | 58.90 | $ 29,450.00 |
| Jennifer M. Verkamp | $450.00 | 16.85 | $ 7,582.50 |
| A. Manley (Paralegal) | $131.00 | 9.00 | $ 1,179.00 |
| | | | $ 39,843.95 |

(Doc. 50-2 at 4.) In addition, HMRP seeks $6,486.44 in fees and expenses for services rendered in conjunction with the pending Motion for Attorneys' Fees. (Doc. 58-2 at 3.)

**1.    Objection to Hourly Rates Sought**

Defendant objects to the amount of fees which HMRP seeks on several grounds. First, Defendant objects to the reasonableness of the fees calculation on the grounds that HMRP used the attorneys' and paralegal's current (2010) billing rates, instead of a reasonable rate charged for services performed in 2004 and 2005. Defendant argues that calculating fees using current billing rates would result in a windfall to HMRP. Defendant contends that the Court should apply the historical billing rates approved for the same firm by the Western District of Kentucky in a *qui tam* case which was filed in 2000 and settled in 2006:

| ATTORNEY/STAFF | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| James B. Helmer, Jr. | $325.00 | 3.15 | $ 1,023.75 |
| Julie W. Popham | $250.00 | .15 | $ 37.50 |
| Frederick M. Morgan, Jr. | $400.00 | 58.90 | $ 23,560.00 |
| Jennifer M. Verkamp | $250.00 | 16.85 | $ 4,212.50 |
| A. Manley (Paralegal) | $35.00 | 9.00 | $ 315.00 |

|  |  |  | $ 29,148.75 |
|--|--|--|--|
|  |  |  |  |

*See U.S. ex rel. LeFan v. Gen. Elec. Co.*, No. 4:00-cv-222, 2008 WL 152091, at *6 (W.D. Ky. Jan. 15, 2008).[1]

The Supreme Court has recognized that an attorney can be compensated for the delay in receiving fees in a federal fee-shifting statute case by "basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value." *Perdue*, 130 S. Ct. at 1675. "The district court has the discretion to choose either current or historical rates so long as it explains how the decision comports with the ultimate goals of awarding reasonable fees." *Gonter*, 510 F.3d at 617. Courts in this Circuit have approved the use of current billing rates when there has been a delay in payment. *See*, *e.g.*, *Dowling v. Litton Loan Serv. LP*, 320 F. App'x 442, 447 (6th Cir. 2009); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745-46 (6th Cir. 2005) (affirming this Court's decision to award fees at current rates); *Bank One, N.A. v. Echo Acceptance Corp.*, 595 F. Supp. 2d 798, 801-02 (S.D. Ohio 2009). "Clearly, compensation received several years after the services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). Following these precedents, the Court will award HMRP fees at the current billing rates set forth in the first table above. HMRP was not dilatory in protecting its rights or seeking the attorneys' fees. Awarding HMRP current rate fees for services will not result in an excessive fee.

---

[1] The judgment in *LeFan* was stayed pending appeal. *See U.S. ex rel. LeFan v. Gen. Elec. Co.*, No. 4:00-cv-222 (W.D. Ky. Mar. 28, 2008).

**2.     Objections to Reasonableness of Hours**

The Court next examines Defendant's objections to the reasonableness of awarding fees to HMRP for certain services performed. Defendant first objects that HMRP should not be awarded fees for approximately sixteen hours Mr. Morgan and Ms. Verkamp spent researching items such as "defendants' practices" and "other cases against [Defendant]" and "physician credentials." (Doc. 50-2.) This Court, however, accepts HMRP's representation that the preliminary research involved was necessary and could not have been performed easily by a paralegal. *See LeFan*, 2008 WL 152091, at *4 ("[T]he Court accepts the Relators' argument that these tasks had to be performed by an attorney or paralegal familiar with facts and law of the case.").

Next, Defendant objects to the time spent by HMRP attorneys preparing and filing the Complaint and Disclosure Statement. This objection is not well-founded. Defendant concedes that the preparation of these filings was relevant work. The False Claims Act requires the preparation of a "written disclosure of substantially all material evidence and information the [*qui tam* plaintiff] possesses" which is separate from the complaint. 31 U.S.C. § 3730(b)(2). Also, the Local Rules require that a False Claims Act complaint be filed *in camera* and in the presence of a representative from the United States Attorney's office. *See* S.D. Ohio Loc. R. 3.2 (2004). It was reasonable for an HMRP attorney personally to file the Complaint in compliance with these Local Rules instead of delegating the task to a staff member. The Court will not reduce the fees requested for these services.

Finally, Defendant objects to the time spent by HMRP on matters it contends are not related to preparation of the case. Specifically, Defendant objects to 5.45 hours spent by Mr.

Morgan and Ms. Verkamp, in part, preparing the fee agreement. Only 0.4 hours of the total 5.45 is solely attributed to preparation of the fee agreement. HMRP used block entries to account for the remaining 5.05 hours, only one aspect of which was the preparation of the fee agreement. Because the preparation of a fee agreement was a necessary protection to both Ellison and HMRP, and could be considered a prerequisite to HMRP's filing suit on behalf of Ellison, the Court will award fees for the time spent on this task.

3. **Summary of Fees Incurred Prior to Filing of Motion for Attorneys' Fees**

In sum, the Court will not strike or reduce any of the fee statement entries as excessive or unreasonable. The Court will award HMRP fees for services performed in 2004 and 2005 as follows:

| ATTORNEY/STAFF | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| James B. Helmer, Jr. | $498.00 | 3.15 | $ 1568.70 |
| Julie W. Popham | $425.00 | .15 | $ 63.75 |
| Frederick M. Morgan, Jr. | $500.00 | 58.90 | $ 29,450.00 |
| Jennifer M. Verkamp | $450.00 | 16.85 | $ 7,582.50 |
| A. Manley (Paralegal) | $131.00 | 9.00 | $ 1,179.00 |
|  |  |  | $ 39,843.95 |

4. **Objection to Fees Related to Filing the Motion for Attorneys' Fees**

Defendant objects that $6,339.40 is an excessive amount for fees related to the preparation of the Motion for Attorneys' Fees. Defendant points out that courts in the Sixth Circuit typically apply a 3% rule in determining the fees to be awarded for the preparation of a fees motion. "In the absence of unusual circumstances, the [Sixth Circuit has] limited the compensable hours for preparing and 'successfully' litigating a fee petition to three percent of

the hours in the main case." *Gonter*, 510 F.3d at 620.  The Court finds that this fee dispute is not so unusual as to warrant a departure from the 3% standard.

HMRP seeks compensation for 88.05 hours of services prior to the pending motion. Three percent of 88.05 hours is 2.64 hours.  The average billing rate for the three attorneys who worked on the Motion for Attorneys' Fees is $441.00.  Accordingly, the Court will award $1,164.24 (2.64 hours x $441.00) for fees and expenses expended in litigating the pending motion.

### IV. CONCLUSION

For the foregoing reasons, Helmer, Martins, Rice & Popham's Motion for Award of Attorneys' Fees and Expenses (doc. 50) is **GRANTED IN PART**.  The Court **AWARDS** HMRP attorneys' fees and expenses in the total amount of **$41,984.25** as follows: $39,843.95 for fees incurred prior to the pending motion, $976.06 in expenses, and $1,164.24 for fees incurred to litigate the pending motion.

IT IS SO ORDERED.

   s/Susan J. Dlott           
Chief Judge Susan J. Dlott
United States District Court